# MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
THOMAS A. McKAY
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

rradick@maglaw.com
klyons@maglaw.com
(212) 856-9600

SENIOR COUNSEL
PAUL R. GRAND

COUNSEL
JASMINE JUTEAU

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT

March 4, 2024

**By ECF and Email**
Honorable Allyne R. Ross
United States District Judge
United States District Court for the
  Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   United States v. Ezhil Sezhian Kamaldoss *et al*., No. 19 Cr. 543 (ARR)

Dear Judge Ross:

On behalf of our client Ezhil Kamaldoss, and with his specific consent, we submit this letter to respectfully request the setting of a date for Mr. Kamaldoss's sentencing in the above-captioned matter.

As Your Honor likely recalls, Mr. Kamaldoss was arrested in this matter in September 2019, was held for five months in the Metropolitan Detention Center ("MDC") prior to being released on bail, and was convicted in late June 2022 following a trial by jury.

Following Mr. Kamaldoss's conviction, the Probation Department issued a completed Presentence Investigation Report (including an addendum thereto) on May 19, 2023; Mr. Kamaldoss filed his sentencing submission on August 6, 2023; and on September 16, 2023, the government submitted its own sentencing memorandum. The parties' positions regarding sentencing in this matter have thus been fully submitted for almost six months, but a sentencing date has not yet been set.

In filing this request for the setting of a sentencing date, Mr. Kamaldoss is mindful of, and grateful for, the fact that he has remained on bail during the period since his conviction. In fact, under ordinary circumstances, it may be unusual for a defendant to seek a sentencing date when he or she is living in the community on bail. However, the circumstances of this matter are such that Mr. Kamaldoss understandably seeks to move ahead promptly with his sentencing. In particular, as we noted in our sentencing submission, Mr. Kamaldoss is largely alone in this country.  His immediate family members – including his wife, his two older sons, and his youngest son, who was born during the pendency of this case and whom Mr. Kamaldoss has

Morvillo Abramowitz Grand Iason & Anello P.C.

Honorable Allyne R. Ross
March 4, 2024
Page 2

never met – all live in India and are unable to travel to the United States to visit Mr. Kamaldoss. Further, as an individual who lacks immigration status in this country, Mr. Kamaldoss has not been able to pursue or obtain employment during the more than four years in which this case has been pending. The result is that, during the entirety of this case, Mr. Kamaldoss has been unable to provide any financial support to his family in India, and in fact has been a financial burden on the family members and friends who have assisted him with his housing, food, medical needs, and other day-to-day expenses. Moreover, even though no longer on house arrest, Mr. Kamaldoss has largely spent his period on bail in this matter confined to a small apartment, leaving only to go to religious services, meet with counsel, attend the legal proceedings in this matter, or pursue medical treatment for his several significant ailments.

       To be sure, Mr. Kamaldoss recognizes that by submitting a letter in which he requests a sentencing date in the near-term, Mr. Kamaldoss may only be expediting the date on which he will be transferred to the custody of immigration authorities and permanently expelled from the United States. Mr. Kamaldoss further recognizes that, although his counsel have argued for a non-incarceratory sentence based on Mr. Kamaldoss's fragile medical condition, the traumas and dangers of his initial period of incarceration, and the various other factors identified in our sentencing submission, the imposition of sentence in this matter may result in Mr. Kamaldoss's renewed incarceration. Nonetheless, given the many hardships that he has faced and continues to face throughout the duration of this case, and given as well the strong desire on Mr. Kamaldoss's part that he return to his family in India and begin the hard work of putting this most difficult chapter of his life behind him, Mr. Kamaldoss seeks to proceed with sentencing rather than remain in a painful and ongoing state of uncertainty.

       For the foregoing reasons, we request, with all respect, that the Court set Mr. Kamaldoss's sentencing for the earliest possible date that is consistent with the schedules of the parties and the Court.

       We thank Your Honor for your careful consideration of this letter and the request it contains.

Respectfully submitted,

_____/s/_____
Robert M. Radick
Kayasha B. Lyons

cc: AUSA Nicholas Moscow (by email and ECF)
    AUSA Robert Pollack (by email and ECF)
    AUSA Margaret Schierberl (by email and ECF)
    David Kirby, Esq. (by ECF)
    US Probation Officer Jennifer Baumann (by email)